| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| TRENK, DiPASQUALE,<br>DELLA FERA & SODONO, P.C.<br>347 Mt. Pleasant Avenue, Suite 300<br>West Orange, New Jersey 07052<br>(973) 243-8600<br>Anthony Sodono, III (AS9426)<br>Jennifer D. Talley (JT8687)<br>John R. Stoelker (JS3045)<br>*Counsel to Plaintiff,*<br>*The Law Office of David Perry Davis, P.C.* | |
| In re:<br><br>LISA B. WALDORF,<br><br>            Debtors. | Chapter 7<br><br>Case No. 12-21901 (RTL) |
| THE LAW OFFICE OF DAVID PERRY DAVIS, P.C.,<br><br>            Plaintiff,<br><br>      vs.<br><br>LISA B. WALDORF,<br><br>            Defendant. | Adv. Proc. 12-01845 (RTL) |

## STIPULATION OF SETTLEMENT

The Law Office of David Perry Davis, P.C. (the "Plaintiff"), by and through its counsel, Trenk, DiPasquale, Della Fera & Sodono, P.C., and Lisa B. Waldorf (the "Defendant"), by and through her counsel, Stuart M. Nachbar, Esq. (collectively, the "Parties"), stipulate and agree as follows:

00176973 - 1

## RECITALS

A.  On March 3, 2011, in connection with legal services rendered by Plaintiff on behalf of Defendant, the Superior Court of New Jersey entered judgment in favor of Plaintiff in the amount of $17,575.92 (the "Judgment").  A copy of the Judgment is annexed hereto as Exhibit **"A."**

B.  On May 7, 2012 (the "Petition Date"), Defendant filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*  (the "Bankruptcy Code").

C.  On August 17, 2012, Plaintiff commenced the above-captioned adversary proceeding by filing a complaint against the Defendant (the "Complaint") objecting to Defendant's discharge pursuant to 11 U.S.C. §§ 727.

D.  Defendant disputes Plaintiff's allegations and claims for relief.

E.  The parties desire to resolve this adversary proceeding on the terms and conditions set forth below.

## AGREEMENT

For good and valuable consideration, the receipt of which the parties acknowledge, the parties stipulate and agree that:

1.  Defendant's obligation to Plaintiff pursuant to the Judgment is non-dischargeable and shall not be subject to any discharge obtained by Defendant in connection with the above captioned chapter 7 proceeding.

2.  Defendant agrees to make the following payments to Plaintiff:

   a. $500 on or before February 10, 2013;

   b. $500 on or before March 10, 2013; and

659511_1                                                2

        c. $500 on or before April 10, 2013.

3. In addition to the above payments, Defendant will pay to Plaintiff fifteen percent (15%) of all funds received from John Waldorf after March 1, 2013. This pro rata distribution will continue until the Judgment amount, along with post-judgment interest pursuant to the New Jersey Rules of Court, is paid in full. If it is later discovered that Defendant has not complied with this provision, a penalty of $2,500 will be added to the remaining balance upon ten (10) days' notice of default to Defendant, who may cure the default within ten (10) days of receipt of Notice of Default, sent via Certified Mail, Return Receipt Requested, without the penalty provision being applied.

4. Plaintiff agrees to provide Defendant with an accounting of all funds received from John H. Waldorf, which will be credited toward the remaining balance on the Judgment.

5. If Defendant receives a lump sum from any source in excess of $20,000, any balance remaining on the Judgment will be immediately paid in full to Plaintiff. If it is later discovered that Defendant has not complied with this provision, a penalty of $2,500 will be added to the remaining balance upon ten (10) days' notice of default to Defendant, who may cure the default within ten (10) days of receipt of Notice of Default, sent via Certified Mail, Return Receipt Requested, without the penalty provision being applied.

6. If the Judgment is not paid in full within seven (7) years of the execution of this Stipulation of Settlement, Plaintiff is permitted to resume collection activities.

7. Upon the Bankruptcy Court's approval of this Stipulation of Settlement, Plaintiff shall file with the Bankruptcy Court this Stipulation of Settlement and a Notice of Dismissal with prejudice and without costs to either of the parties.

8. Plaintiff waives all future claims against the Defendant's bankruptcy estate, including but not limited to any claim under section 727 of the Bankruptcy Code.

9. Defendant waives all future claims against the Plaintiff.

10. This Stipulation of Settlement shall be construed and interpreted in accordance with New Jersey law, without regard to principles relating to conflicts of law.

11. The Bankruptcy Court shall retain jurisdiction to resolve all disputes arising under this Stipulation of Settlement.

12. This Stipulation of Settlement may not be amended unless by a writing signed by all Parties.

13. This Stipulation of Settlement is an integrated agreement and contains the entire agreement among the Parties regarding the matters set forth. Each of the parties acknowledges that this Stipulation of Settlement controls over the Parties' prior discussions and negotiations.

14. Except as set forth above, neither party has relied on any representation or warranty made by another party in entering into this Stipulation of Settlement.

15. This Stipulation of Settlement may be executed in counterparts, each of which is deemed an original.

16. All payments made by Defendant pursuant to this Stipulation of Settlement shall be made payable to **The Law Office of David Perry Davis, P.C.**, and shall be sent to the following address:

> **The Law Office of David Perry Davis, P.C.**
> **c/o Trenk, DiPasquale, Della Fera & Sodono, P.C.**
> **347 Mt. Pleasant Avenue, Suite 300**
> **West Orange, NJ 07052**

17. In the event that Defendant's mailing address changes prior to satisfaction of the Judgment in full, Defendant shall provide timely notice of same to Plaintiff.

18. Liability for any claims that the Plaintiff has asserted are denied by Defendant. The Parties understand and agree that neither the making of this Stipulation nor anything contained herein shall be construed or considered in any way to be an admission of guilt, wrongdoing, or noncompliance with federal, state or local law, statute, order or regulation, the Bankruptcy Code, tortious act, breach of contract, or violation of common law, or any other wrongdoing whatsoever.

WHEREFORE, the Parties execute this Stipulation of Settlement as of January 24, 2013.

| | |
|---|---|
| **TRENK, DiPASQULE,** **DELLA FERA & SODONO, P.C.** *Attorneys for Plaintiff,* *The Law Offices of David Perry Davis, P.C.* | **LAW OFFICE OF STUART M.** **NACBAR, P.C.** *Attorneys for the Defendant,* *Lisa B. Waldorf* |
| By:  */s/ Anthony Sodono III* Anthony Sodono, III | By:  */s/ Stuart M. Nachbar* Stuart M. Nachbar |

659511_1                                5